UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          Case No:      3:10-cr-73-TJC-JBT

CHARLES M. WATKINS
_____/

**MOTION FOR RELEASE PENDING APPEAL**
**AND**
**INCORPORATED MEMORANDUM OF LAW**

COMES NOW the Defendant, Charles M. Watkins, by and through his undersigned counsel, and hereby moves the Court, pursuant to 18 U.S.C. §3143(b), to permit him to be released pending appeal, following sentencing, and in support hereof, states as follows:

A.   Introduction

1.   Mr. Watkins was adjudicated guilty of the sole count in the Amended Indictment on November 22, 2011 (Doc. 107), following his November 14, 2011 stipulated facts bench trial.

2.   Sentencing is scheduled for February 29, 2012. Mr. Watkins requests release pending appeal.

3.   The applicable standard for release pending appeal is found in 18 U.S.C. §3143(b), which provides that Mr. Watkins may be released if the judicial officer finds,

(1)   by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to section 3142(b) or (c) and

(2)   that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

4.   "If the judicial officer makes such findings, such judicial officer shall order the

release of the person in accordance with the provisions of section 3142(b) or (c) of this title..." 18 U.S.C. §3143(b) (emphasis added). *In accord*, *United States v. Giancola*, 754 F.2d 898, 899 (11th Cir. 1985), cert. den., 479 U.S. 1018 (1986).

B.    Likely to Flee or Pose a Danger

5.    Mr. Watkins has been a resident of Orange Park, Florida for the last 30 years. He has been married to his wife, Mary Anne Watkins, for 39 years. Most of his family lives in the Orange Park area, including his three children and six grandchildren. Mr. Watkins has attended every court hearing where his presence has been required. Indeed, he has met with government agents and cooperated with government agents at numerous meetings. He is clearly not likely to flee nor pose a danger to the safety of any person or the community if released.

6.    Indeed, in accordance with 18 U.S.C. §3143(a), in granting Mr. Watkins's motion for release pending sentencing, this Court has already kindly found "clear and convincing evidence that [Mr. Watkins] is not likely to flee or pose a danger to the safety of any person or the community if released." 18 U.S.C. §3143(a). This finding was made without opposition by the government. Thus, the first prong of §3143(b) has already been satisfied and established.

C.    Not for Purpose of Delay

7.    Mr. Watkins has never previously been arrested nor convicted of a crime. He has an unblemished professional record. This Court has already found Mr. Watkins was tricked into turning over the evidence that is the *sine qua non* of his conviction – by finding the government's search exceeded the scope of his consent – when he was assured by the police that they were not interested in any child pornography on his computer, when, in fact, Mr. Watkins was the subject of a child pornography investigation. We trust that the Court understands his desire to seek to vindicate

2

himself, notwithstanding the Court's adjudication of him as a felon.

        8.       Mr. Watkins will file an appeal from his judgment, in a continued and honest effort to clear his name, to seek further judicial guidance as to the propriety of his convictions, and not for purpose of delay.

D.      <u>Substantial Question of Law or Fact</u>

        9.       The Eleventh Circuit adopted and quoted the analysis of the Third Circuit in its decision of *United States v. Miller*, 753 F.2d 19, 23 (3rd Cir. 1985). *Giancola*, 754 F.2d at p. 900, quoted from *Miller*, as follows:

> We are unwilling to attribute to Congress the cynicism that would underlie the provision were it to be read as requiring the district court to determine the likelihood of its own error. A district judge who, on reflection, concludes that s/he erred may rectify that error when ruling on post-trial motions. Judges do not knowingly leave substantial errors uncorrected, or deliberately misconstrue applicable precedent. Thus, it would have been capricious of Congress to have conditioned bail only on the willingness of a trial judge to certify his or her own error.

*Miller* at 23.

        10.     After quoting *Miller*, *Giancola* stated,

> We agree with the Third Circuit's reasoning. We, too, are unwilling to attribute to Congress the intention to deny bail pending appeal unless a district court judge found that he or she had committed error but was obstinately unwilling to grant a new trial or other relief to correct that error.

*Giancola*, 754 F.2d at p. 900.

        11.     Thus, clearly, in granting bond pending appeal, this Court is not called upon to agree that error was committed, but only that, if certain of its rulings are held to be erroneous, Mr. Watkins would be entitled to a reversal of his convictions and/or a new trial.

12.     The definition of "substantial question" includes questions which are "novel," or have "not been decided by controlling precedent." *Id*. at 900.

13.     This case turned on two questions, the first of which is the application of *Georgia v. Randolph*, 547. U.S. 103 (2006) to the instant facts.  The Court referred to this as a request for "extending" *Randolph.* (Doc. 52 at 3-4.) Another way to look at the *Randolph* issue in the instant case is to view it as clarifying *Randolph* as to the meaning of express refusal to grant consent to search.  Either way the issue is phrased, it is a new and novel issue, and involves issues of constitutional dimension that have not been decided by controlling precedent.

14.     The second question concerns the Court's exercise of discretion regarding two key witnesses – Det. Eckert for the government, and Mary Anne Watkins, for the defense – both in denying the defense motion to re-open the hearing and/or take additional testimony from those witnesses (Doc. 53, and Doc. 40); as well as in its determination to defer to the credibility determination of the magistrate as to those witnesses, especially in light of the Court's findings that the determination was a "close call," and "not free from doubt." (Doc. 52 at 1, 2.) The combination of the Court's findings of a demonstrable lack of credibility on the part of the key government witness, and the reliance on findings that same witness was credible, present an unusual factual scenario for appellate review.

E.     If That Substantial Question is Determined Favorably to Defendant –
       That Decision is Likely to Result in a Reversal

15.     The Third Circuit, as noted above, rejected a literal interpretation of "likely to result in reversal or a order for a new trial," and, instead, held that reversal or new trial is "likely" if the substantial question to be raised on appeal is "so integral to the merits of the conviction on which

4

defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction." *Miller* at 23. The Eleventh Circuit has adopted the *Miller* standard. *Giancola* at 900.

16. Clearly, the suppression motion is dispositive, and were it reversed, the verdict would, perforce, be reversed as well. Similarly, questions about the testimony upon which the suppression order is based, as well as the related orders as to that testimony, if decided in Mr. Watkins's favor, his conviction would surely fall, thus meeting this test.

F. Conditions of Release

17. Mr. Watkins respectfully requests that his existing conditions of release remain in effect. However, this Court may wish to exercise its discretion to impose additional conditions, such as periodic reporting to the Probation Office.

WHEREFORE it is respectfully requested that Mr. Watkins be granted conditions of release pending appeal.

      Respectfully submitted,

      **FALLGATTER FARMAND
      & CATLIN, P.A.**

      /s/ Mark S. Barnett
      Mark S. Barnett, Esq.
      Florida Bar No: 0772755
      200 East Forsyth Street
      Jacksonville, Florida 32202
      (904) 353-5800 Telephone
      (904) 353-5801 Facsimile
      fallgatterlaw@fallgatterlaw.com Email
      Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic delivery to: D. Rodney Brown, Esq., (rodney.brown@usdoj.gov), Office of the United States Attorney, 300 N. Hogan St., Ste. 700, Jacksonville, FL  32202 this 30th day of January, 2012.

                                           /s/ Mark S. Barnett
                                           ATTORNEY

37661