**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                   Case No. 3:10-cr-73-J-32JBT

CHARLES MARVIN WATKINS
_____

## <u>ORDER</u>

On February 29, 2012, the undersigned sentenced defendant Charles Marvin Watkins to a term of sixty (60) months imprisonment for violating 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). This case is now before the Court on Watkins' Motion for Release Pending Appeal (Doc. 109). The government filed a response in opposition (Doc. 111) and, at the Court's direction, Watkins filed a supplement (Doc. 119).

Pursuant to 18 U.S.C. § 3143(b), the Court shall grant a motion for bond pending appeal if a defendant shows that (1) he is not likely to flee; (2) he does not pose a danger to the safety of others; (3) the appeal is not taken for the purpose of delay; (4) the appeal "raises a substantial question of law or fact;" and (5) if the "substantial question" is resolved in defendant's favor, such determination is likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or imprisonment less than the total of the time already served plus the expected duration of the appeal process. <u>See</u> 18 U.S.C. § 3143(b). The burden of establishing each of these factors rests with the convicted defendant. <u>United States v. Giancola</u>, 754 F.2d 898, 901 (11th Cir. 1985).

Additionally, in this case, Watkins' offense of conviction (18 U.S.C. §§2252(a)(2) and 2252(b)(1), receipt of child pornography), is a "crime of violence" within the meaning of 18 U.S.C. § 3156(a)(4)(C), thereby requiring Watkins to "clearly show[ ] that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c). See also, United States v. DiSomma, 951 F.2d 494, 496 (2d Cir. 1991) (explaining that for a person convicted of a crime of violence, § 3143(b)(1) "supplies the threshold requirements" which, once satisfied, authorize the court to then "consider the presence of exceptional circumstances").[1]

Watkins has been on pretrial release since March 18, 2010 and the Office of Pretrial Services reports that, other than one violation in March 2011 which was resolved to the

---

[1]Although both parties agreed that this is the correct analysis for determining whether Watkins may remain on bond pending appeal, other cases have considered the application of 18 U.S.C. § 3143(b) and 18 U.S.C. § 3145(c) as alternatives. See, e.g., United States v. Fussell, 2008 WL 4925639, *6-7 (M.D. Fla. Nov. 14, 2008). The Court need not decide whether satisfying one statute but not the other would be a sufficient basis to grant relief because the Court finds Watkins has met the requirements of both statutes.

Additionally, some district courts have questioned whether they, as trial courts (as opposed to just the appellate courts), have jurisdiction to consider whether exceptional reasons exist. See, e.g., United States v. Harrison, 430 F. Supp. 2d 1378, 1385 (M.D. Ga. 2006); United States v. Chen, 257 F. Supp. 2d 656, 659 (S.D.N.Y. 2003). However, the circuit courts that have addressed the issue of exceptional reasons warranting release pending sentencing or appeal are in agreement that the district courts do have jurisdiction to consider this issue. See United States v. Christman, 596 F.3d 870, 871 (6th Cir. 2010); United States v. Goforth, 546 F.3d 712, 715 (4th Cir. 2008); United States v. Garcia, 340 F.3d 1013, 1014, n.1 (9th Cir. 2003); United States v. Mostrom, 11 F.3d 93, 95 (8th Cir. 1993); United States v. Jones, 979 F.2d 804, 806 (10th Cir. 1992); United States v. Herrera-Soto, 961 F.2d 645, 647 (7th Cir. 1992); United States v. DiSomma, 951 F.2d 494, 496 (2d Cir. 1991); United States v. Carr, 947 F.2d 1239, 1240 (5th Cir. 1991). In the absence of any Eleventh Circuit authority, this Court chooses to follow the analysis of the other circuit courts which have held that the "exceptional reasons" determination is for the district court to decide in the first instance.

Court's satisfaction,[2] Watkins has had no other difficulty complying with all conditions of his release. The government conceded that Watkins is unlikely to flee and agrees that his appeal will not be taken for the purposes of delay. The Court agrees and finds Watkins has satisfied his burden as to those two factors.

As for whether Watkins presents a danger to the community, the government suggests that his conviction of a crime of violence involving children and his past violation of the condition of his release that he not have unauthorized contact with children demonstrate that Watkins will be unable to meet his burden of proving that he is not a danger to the community. In permitting Watkins to remain on pretrial release during the pendency of this case, the Court has already found that he is not a danger to the community; indeed, following the violation hearing, the Magistrate Judge loosened the restrictions which had precluded Watkins from having contact with his grandchildren, with no untoward consequences. Other than the fact of his conviction (based on a stipulated set of facts), the circumstances which led the Court to originally find in March 2010 that Watkins is not a danger to the community are unchanged. In this case, the conviction itself is not enough to change the Court's view on this point.

The Court next turns to the question of whether Watkins' appeal raises a substantial question of law or fact. To meet this showing, Watkins must persuade the Court that the

---

[2]Watkins' conditions of release prohibited him from having any contact with minors. Watkins violated this condition when he had a brief visit with his granddaughter in March 2011. Following a show cause hearing at which the government unsuccessfully moved to have Watkins' bond revoked, the Court modified his conditions to permit monthly supervised contact with his minor grandchildren. See Docs. 72, 80, 86, 88, 89.

issue to be presented on appeal is "one of more substance than would be necessary to a finding that it [is] not frivolous." <u>Giancola</u>, 754 F.2d at 901. The Court need not go so far as to find that its own rulings are likely to be reversed on appeal but rather must be convinced that the issue presented by Watkins' appeal is a "'close' question or one that very well could be decided the other way." <u>Id</u>. at 900, 901. The issue Watkins intends to appeal involves the scope of both his and his wife's consent to a search of Watkins' computer. As the Court itself said in denying Watkins' motion to suppress, the issues presented a "close call" with credibility determinations that were "not free from doubt." <u>See</u> Order, Doc. 52; <u>see also</u> Order, Doc. 57. Watkins' proposed issues for appeal are "not frivolous" and "very well could be decided the other way." <u>Giancola</u>, 754 F.2d at 900-01. The Court is therefore satisfied that this prong is met as well. Moreover, if this issue is decided favorably to Watkins, his conviction would surely be reversed, thus meeting the final prong of the § 3143(b) factors.

Watkins having made the requisite showing under § 3143(b), the Court turns to the question of whether he has also demonstrated that there are "exceptional reasons" why imprisonment would not be appropriate, as is required by 18 U.S.C. § 3145(c) for a defendant convicted of a crime of violence. The statute does not define what circumstances might create exceptional reasons and, not surprisingly, there are few defendants who have been charged with a crime of violence– let alone convicted of one– who are in a position to file a serious motion for bond pending appeal. Consequently, there is little case authority (and none from the Eleventh Circuit) addressing how the standard is met.

In <u>United States v. Herrera-Soto</u>, 961 F.2d 645 (7th Cir. 1992), the Seventh Circuit

explained that "exceptional reasons" are those that present "a unique combination of circumstances giving rise to situations that are out of the ordinary." Id. at 647. In that case, the Seventh Circuit held that exceptional reasons were not present where the trial court "cite[d] nothing beyond the necessary requirements of a substantial issue on appeal." Id. at 647-48. While courts have generally held that the purely personal situations typical of any criminal defendant facing imprisonment are not exceptional reasons (see United States v. Bonczek, 2009 WL 2924220, *4 (S.D.N.Y. Sept. 8, 2009) (collecting cases)), the Second Circuit has suggested that "an unusual legal or factual question" may meet the test, or even a "merely substantial question" if it is accompanied by "one or more remarkable or uncommon factors." United States v. DiSomma, 951 F.2d 494, 497 (2d Cir. 1991). "As in many things, a case by case evaluation is essential," and district judges should be afforded "the full exercise of discretion in these matters." Id.

The Ninth Circuit has proposed several factors which alone or in combination might militate in favor of finding exceptional reasons, such as where "the defendant's criminal conduct was aberrational;" where the nature of the violent act "did not involve any specific intent or . . . did not involve any threat or injury to persons;" where "the defendant could be forced to serve most or all of his sentence before his appeal has been decided;" where there are "circumstances that would render the hardships of prison unusually harsh for a particular defendant;" where "there appears an unusually strong chance that the defendant will succeed in obtaining a reversal of his conviction on appeal;" where "the defendant is exceptionally unlikely to flee or to constitute a danger to the community;" and where "the defendant was unusually cooperative with the government." United States v. Garcia, 340

F.3d 1013, 1020-21 (9th Cir. 2003) (citations and emphasis omitted).  Although the Ninth Circuit suggested consideration of these factors, it further instructed its district courts to "examine the totality of the circumstances and, on the basis of that examination, determine whether, due to any truly unusual factors or combination of factors . . . it would be unreasonable to incarcerate the defendant prior to the appellate court's resolution of his appeal." Id. at 1019.

Upon considering the reasoning and relevant factors of Garcia, a district court in Ohio recently released a defendant on bond pending appeal following his conviction and sentencing for possession of child pornography.  United States v. Szymanski, 2009 WL 1212249 (N.D. Ohio Apr. 30, 2009).   In releasing the defendant, the court noted that his appellate issues "raise[d] important constitutional questions," he had "admitted his guilt immediately" and "cooperated fully," he "pose[d] an exceptionally low risk of danger to the community" because he had "no history of crime[,]" the "offense did not involve any sort of confrontation with a child," he had "no prior history of child abuse[,]" "[h]e stopped viewing [the] images a substantial time prior to the FBI discovering the images," his psychologist believed it was a one-time aberrational act, "precipitated by large quantities of pain medications," the defendant had "been a good citizen with no criminal history" and "had been gainfully employed," and was "now serv[ing] as care giver for his wife and mother-in-law" and, finally, "t]he length of the expected prison sentence (60 months) [was] disproportionate to the crime under [the] circumstances" Id. at *2-3. See also, United States v. Reboux, 2007 WL 4409801, *2 (N.D.N.Y. Dec. 14, 2007) (releasing defendant on bond pending sentencing upon considering the Garcia factors and noting that although defendant's crime of

possession of child pornography was labeled as a crime of violence, his "conduct was not violent[,] [h]e did not have sexual contact with any child, nor did he attempt to communicate with any child for illicit purposes," he cooperated fully and unconditionally, and he did not present a risk of flight or danger to the community, as evidenced by the lengthy delay in prosecuting defendant and given his good behavior on release).

Watkins argues that exceptional reasons are present here based on the unique combination of the substantial legal issue he presents on appeal along with the unusual circumstances which led to the discovery of the child pornography on his computer. Watkins did not deny that he had viewed and downloaded child pornography and, in fact, he volunteered that information to law enforcement during the course of their investigation into the disappearance of a neighborhood child (Watkins was not involved in the child's disappearance). Watkins is a 67 year old veteran and has lived in the same home for the past 30 years with his 66 year old wife who has serious health issues. He has no prior criminal history. His crime did not involve any sexual contact with a child nor did he attempt to communicate with a child on his computer. Testing by a psychologist revealed that Watkins did not have any significant sexual interest in children or preteens, no signs of deviant sexual interest and no other high-risk indicators.[3] Watkins has appeared for every court appearance and has cooperated with pretrial and probation officers. His conditions of release require home confinement; he is not permitted to have a computer in his home or to have unsupervised contact with any child. If bond pending appeal is not given, Watkins

---

[3]There is additional medical evidence in the file which supports this assessment.

will serve a substantial portion of his 60 month sentence before he receives an appellate ruling.  Moreover, while this crime is classified as a "crime of violence," Watkins' acts did not involve specific intent to threaten or injure another.  Garcia, 340 F.3d at 1020-21.  The Court finds the totality of the circumstances  present exceptional reasons to grant Watkins release pending appeal.

Accordingly, it is hereby

**ORDERED**:

Defendant Charles Marvin Watkins' Motion for Release Pending Appeal (Doc. 109) is **GRANTED**.[4]  Watkins shall remain on the same conditions of release previously set by the Court (see Docs. 10, 89, 105, 108) until the conclusion of his appeal, at which time the Court, upon the motion of any party, will enter appropriate orders.

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of May, 2012.

TIMOTHY J. CORRIGAN
United States District Judge

---

[4]As noted by the government, Watkins' motion is technically premature as no notice of appeal has yet been filed (nor could it be, as the Court delayed entry of judgment while this motion was under advisement).  However, the Court's intention is to permit Watkins to remain on bond pending appeal pursuant to 18 U.S.C. § 3143(b).  In the event no appeal is taken, the Court will vacate this Order and Watkins will be required to report to his designated facility as directed by the Bureau of Prisons.

s.
Copies:

Honorable Joel B. Toomey
United States Magistrate Judge

D. Rodney Brown, Esq. (AUSA-Jacksonville)
Mark S. Barnett, Esq.

United States Marshal Service
Bureau of Prisons
Joshua C. Blakeley (U.S. Probation Officer)
Patrick Sheridan (U.S. Pretrial Services)
Charles Marvin Watkins, defendant